BENTON, Judge,
dissenting.
I would affirm because it is not clear that remanding for explication of why the agency “construjed] the statute to require that a mental health service provider have an annual contract with ADM” will serve a useful purpose. As far as can be told from this record, the contracts between appellant and the Department of Health and Rehabilitative Services would not have complied with statutory requirements, even if they had been “annual contraet[s] with ADM.”
In a footnote to the finding that appellant “provides rehabilitative services pursuant to performance and rate contracts with ADM and CPS,” the recommended order draws a conclusion of law: “This is a finding that Petitioner’s contracts with CPS satisfy the statutory requirement to be under contract with HRS.” But the final order’s contrary conclusion of law — that statutory requirements have not been met — is entitled to judicial deference, and the final order should be affirmed, if supportable on any basis.
Specifically, unless the “performance and rate contracts” appellant entered into with the Department of Health and Rehabilitative Services — each of which was “for a term of 90 to 120 days and typically authorize[d] services in the amount of $480” — met the requirements of section 409.906(8), Florida Statutes (1995), and Florida Administrative Code Rule 59G-1.010(l)(e)4., the order under review ought to be affirmed. See I.M.P.A.C.T. Inst., Inc. v. AHCA 18 F.A.L.R. 4768 (AHCA 1996); Southeastern Counseling Ctr., Inc. v. AHCA 18 F.A.L.R. 3520 (AHCA 1996); Alpha House of Tampa, *314 Inc. v. AHCA 18 F.A.L.R. 3511 (AHCA 1996); Forest Hill Counseling Ctr. v. AHCA, 18 F.A.L.R. 3516 (AHCA 1996).
To be sure, the recommended order did not find that appellant contracted with the Alcohol, Drug Abuse, and Mental Health Program Office in the Department of Health and Rehabilitative Services (as opposed to Children and Families or Child Protective Services) after October of 1994. (There is no evidence that appellant had a contract with the Alcohol, Drug Abuse, and Mental Health Program Office that ran later than May of 1995.) But it is not clear that statutory requirements would have been met, even if all of the contracts that appellant and the Department did enter into had been with the Alcohol, Drug Abuse, and Mental Health Program Office, rather than with Children and Families or Child Protective Services.
Whatever their duration, moreover, the contracts between appellant and the Department of Health and Rehabilitative Services met the requirements of section 409.906(8), Florida Statutes (1995), only if they called for “rehabilitative services provided to a recipient in a mental health, drug abuse, or alcohol abuse center ... which are psychiatric in nature and rendered or recommended by a psychiatrist or which are medical in nature and rendered or recommended by a physician or psychiatrist.” “Each provider agreement shall require the provider to comply fully with all state and federal laws.... ” § 409.907(1), Fla. Stat. (1995).
The record does not establish that services under the contracts were psychiatric or medical in nature or that these services were recommended by a psychiatrist or another physician. The “performance and rate contracts” in the record call for “Family Outpatient Treatment,” “family counseling services,” and “marriage counseling,” as well as, in one instance, “Individual Outpatient Treatment.” There is no other indication of the nature of the services contracted for, and nothing in the record that suggests that anybody other than the case workers, counselors, and administrators whose names appear on supporting documentation recommended the services. Nor does anything of record indicate that a psychiatrist or any other physician actually rendered the services or contracted to do so.